ROYER *v.* COUPE *et al.*

*(Circuit Court, D. Massachusetts. March 12, 1889.)*

PATENTS FOR INVENTIONS—INVENTION—MACHINE FOR TREATING RAW HIDES.
    Letters patent No. 172,346, issued January 18, 1876, to Herman Royer, the claim of which, broadly, is for the combination with a raw-hide fulling-machine of an automatic reverser, are void, the elements being old, and their combination requiring no invention.

In Equity.
Bill by Herman Royer against William Coupe and others for the infringement of a patent.
*M. A. Wheaton* and *Livermore & Fish*, for complainant.
*B. F. Thurston, W. H. Thurston,* and *Manuel Eyre,* for defendants.

COLT, J. This suit is for infringement of letters patent No. 172,346, dated January 18, 1876, granted to the complainant for an improvement in machines for treating raw hide. The patent is for an improvement upon the raw-hide fulling-machine which forms the subject-matter of two prior patents, the first dated May 12, 1868, and granted to the complainant and his brother Louis, and the second bearing date June 22, 1869, and granted to the complainant. The patent in suit covers the attachment to a raw-hide fulling-machine of a shifting device, or an apparatus whereby the shaft may be reversed automatically. The claim is as follows:

"In combination with the drum, *A*, of a raw-hide fulling-machine, operating to twist the leather alternately in one direction and the other, a shifting device for the purpose of making the operation automatic and continuous, substantially as described."

Broadly speaking, the claim is for the combination with a raw-hide fulling-machine of an automatic reverser. Now, it cannot be denied that the fulling-machine was old, and further, that automatic reversing apparatus, in a variety of forms, including the form shown in the patent in suit, was old, and therefore we come to the first proposition in this case,—whether the combination of these two things for the first time constitutes a patentable subject of invention. This identical question under this patent was before Judge DRUMMOND in the case of this complainant against the Chicago Manufacturing Co., 20 Fed. Rep. 853, and it was there held, and it seems to me properly, that, under the patent laws as construed by the courts, there was no invention in such a combination of old devices. In discussing this patent, Judge DRUMMOND says:

"It seems to me that the evidence shows that this improvement was nothing more than the application to raw-hide fulling-machines of an old and well-known device used in washing-machines; and the testimony of one of the witnesses clearly establishes that the plaintiff obtained his idea from an examination and description of the same device used in a washing-machine, and, under the suggestion and with the assistance of the witness, applied it to the fulling-machine. It therefore comes within the rule which has been so long settled, that the application of an old device to another analogous use is not a patentable subject, and therefore I think the bill is not maintainable under this principle of the patent law, and must be dismissed."

There is no reason, upon the present record, to doubt the soundness of Judge DRUMMOND's conclusions. When Royer had perfected his fulling-machine so as to make it practicable to apply an automatic reverser, he knew exactly what to do. He applied to Mr. Clerc to construct a reversing apparatus precisely like those which had been applied by him to washing-machines for some years, and this was accordingly done, and the apparatus applied to the fulling-machine. It is difficult to discover any element of invention in this. The learned counsel for the complainant has entered into an exhaustive review of the authorities bearing upon the question of what constitutes invention, and he seeks to show that what Royer did was patentable. But the simple underlying facts in this case are to my mind at variance with many of the authorities he cites, and with his elaborate reasoning on the subject. Under the law as now administered by the courts, I can find nothing patentable in what Royer did, and therefore the bill must be dismissed. Bill dismissed.